Ryan L. Marshall (9529)
BRINKS HOFER GILSON & LIONE
405 South Main, Suite 800
Salt Lake City, Utah 84111-3400
Telephone:  (801) 355-7900
Facsimile:  (801) 355-7901
Email: rmarshall@brinkshofer.com

Cedric C. Chao (CA SBN 76045)
S. Raj Chatterjee (*pro hac vice*)
James M. Schurz (*pro hac vice*)
Morrison Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522
Email:  cchao@mofo.com
Email:  schatterjee@mofo.com
Email:  wstern@mofo.com

*Attorneys for Consolidated-Petitioner, Amway Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMWAY CORP.,<br>      Consolidated-Petitioner,<br>v.<br><br>MONAVIE LLC,<br><br>      Consolidated-Respondent. | **AMWAY CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY MONAVIE, LLC SHOULD NOT BE HELD IN CONTEMPT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Case No. 2:08-mc-762**<br>**Judge Bruce S. Jenkins**<br><br>[*Consolidated with* Case Nos. 2:08-cv-204; 2:08-cv-209 DB] |

**AMWAY CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY MONAVIE, LLC SHOULD NOT BE HELD IN CONTEMPT**

**I.     RELEVANT FACTS**

MonaVie has not complied with many important portions of the Court's November 2008 order (Dkt. No.170) to produce documents responsive to Amway's subpoena,[1] without reasonable justification or excuse. Amway's repeated attempts to meet and confer with MonaVie regarding outstanding discovery issues have not resolved the parties' dispute. Amway, therefore, requests an order that MonaVie show cause why it has not violated the Court's order.

**A.     MonaVie's Obligation to Respond to Discovery**

Last July, Amway served MonaVie with a document subpoena in the District of Utah in connection with *Quixtar v. Signature Management TEAM, LLC et al.*, District of Nevada, Case No. 3:07-CV-00505 ("TEAM Action") ("the Subpoena").[2] MonaVie initially refused to produce any responsive documents without justification or cognizable objection. (Ex. 3.) Following several meet and confer letters, MonaVie agreed to produce documents but imposed several unacceptable conditions. When it became apparent that MonaVie would not respond to the Subpoena without Court intervention, Amway moved to compel MonaVie. (Dkt. No. 146.) After a hearing on November 14, 2008, the Court ruled in Amway's favor and ordered MonaVie to provide documents responsive to Amway's requests 1-7 and narrowed requests 8-14.[3] (*See* Dkt. 170, Order dated 11/13/08.)

**B.     MonaVie's Failure to Respond to Discovery**

---

[1] On September 1, 2008 Quixtar Inc.'s name was changed to Amway Corp.
[2] The First Amended Complaint in the TEAM Action is attached hereto as Exhibit 1, and the Subpoena served on MonaVie is attached hereto as Exhibit 2.
[3] Prior to the hearing, MonaVie agreed to respond to narrowed Requests 8-14, delineated in Ex. A to the Court's Order (Dkt. 170). Ex. A was not, however, attached to the actual order. It is, therefore, attached for reference hereto at Ex. 4.

1

In response to the Court's Order, MonaVie has produced some documents. MonaVie has failed or refused, however, to produce many other items as described below. Amway's counsel has repeatedly contacted MonaVie's counsel regarding MonaVie's deficiencies. Although MonaVie promised on multiple occasions to produce documents responsive to the Subpoena, its production remains largely deficient.

For example, on December 4, 2008, Amway contacted MonaVie and requested supplementation no later than December 12. (*See* Ex. 5, 12/4/08 Ltr from Marshall to Briem.) In response, MonaVie agreed to produce documents by December 12. (*See* Ex. 5, 12/8/08 Ltr from Marshall to Briem.) Despite its representation, MonaVie did not produce the documents until December 31, which turned out to be only a partial production. Furthermore, MonaVie designated the December 31 document production for this captioned case ("the Utah Action") but waited until January 13, 2009 to designate any documents for the TEAM Action from this production. (*See* Ex. 5, 1/13/09 Ltr from Briem to Shaw.) More importantly, many of the document requests went unanswered.

On January 12, MonaVie indicated that it planned to immediately produce additional documents responsive to the Subpoena, including emails. (*See* Ex. 5, 1/12/09 Ltr from Shaw to Briem and 1/23/09 Ltr from Shaw to Briem.) Nearly two weeks later, when Amway's counsel telephoned MonaVie's counsel to find out the status of those additional documents, MonaVie indicated that it would produce the documents by January 26. (*See* Ex. 5, 1/23/09 Ltr from Shaw to Briem.) No additional documents, however, were produced by January 26, and only thirty additional documents were included in a supplemental production on January 29. Therefore, Amway's counsel asked whether MonaVie had completed its document production in response to the Subpoena. (*See* Ex. 5, 1/29/09 Email from Shaw to Briem.) Four days later, MonaVie's

2

counsel replied that he had just received documents from MonaVie that he needed to review. (*See* Ex. 5, 2/2/09 Email from Briem to Shaw.) Nearly three months after the Court's order compelling MonaVie to produced responsive documents, MonaVie's counsel was still "double checking" on February 6 to make sure MonaVie produced everything responsive to the Subpoena. (*See* Ex. 5, 2/6/09 Email from Briem to Shaw.) Amway never learned the results of this "double checking."

In an even further attempt to bring closure to this issue, Amway requested a meet and confer for Tuesday, February 24. (*See* Ex. 5, 2/23/09 Email from Shaw to Briem.) MonaVie said it could not meet on Tuesday, but agreed to meet Wednesday, February 25. (*See* 5. 14, 2/24/09 Email from Briem to Shaw.) Because of another hearing in this case, that meet and confer appointment was moved to Thursday, February 26. That conference did not resolve the discovery issues Amway raises below. MonaVie agreed to meet and confer again on Friday, February 27, however, it never agreed to a time at which it was available and stated that its counsel was busy all morning. Amway waited into the afternoon, trying to reach MonaVie's counsel, but it was unable to do so. (*See, e.g.,* Ex. 5, 2/27/09 Email from Shaw to Briem.) After completely missing the Friday meet and confer, MonaVie offered to meet and confer on Tuesday, March 3. (*See* Ex. 5, 2/28/09 Email from Briem to Shaw.) Amway is willing to work with MonaVie on Tuesday, but it cannot risk MonaVie's cancellation of any more meet and confer appointments.

Amway cannot wait indefinitely for the documents ordered by the Court. MonaVie's delay under the guise of "reviewing" and "double checking," while failing to produce numerous responsive documents is improper. MonaVie's failure to comply with its obligations under the Subpoena and the Court's Order requires further intervention from the Court.

3

**C.      Specific Deficiencies in MonaVie's Document Production**

**1.      Requests 1, 2, 3, 5, and 7 in the Subpoena:**

MonaVie represented that all responsive documents to Categories 1, 2, 3, 5, and 7 of the Subpoena had been or would be produced, and designated the Bates ranges responsive to these categories from its prior document production in the Utah Action. (*See* Dkt. 170, Order dated 11/13/08.) Later, however, MonaVie told Amway that it had not yet searched for any of the names in Category 2 that were not also listed in the pleadings of the Utah Action.[4] (*See* Ex. 8, 1/12/09 Letter from Shaw to Briem.) In addition, and contrary to MonaVie's representation, its production for Categories 2, 5, and 7 has been largely deficient; the following documents should have been produced in response to these categories:

**Category 2.**
**All communications and documents that refer or relate to any contracts and/or agreements (draft or final) relating to any of the following individuals (or entities they control), all of whom are believed to be associated with TEAM:**

| | | | |
|---|---|---|---|
| 1. | Orrin Woodward | 18. | Ron Simmons |
| 2. | Chris Brady | 19. | Chuck Cullen |
| 3. | Billy Florence (including New Horizon Association, LLC) | 20. | Kirk Birtles |
| | | 21. | Jim Martin |
| 4. | Don Wilson (including LDI and Legacy Business Development) | 22. | Chuck Goetschel |
| | | 23. | David Brandy |
| 5. | Tim Marks (including JUCO Consulting) | 24. | Benjamin Dickie |
| 6. | Randy Haugen (including BlackRock 1, LLC, and BlackRock 2, LLC) | 25. | Bruce Gilbank |
| | | 26. | Mike Martensen |
| 7. | Aron Radosa (including AMR Consulting, LLC) | 27. | Doug Stroh |
| | | 28. | Marc Crawford |
| 8. | Chuck Goetschel (including North Point, LLC) | 29. | John Sims |
| | | 30. | Mike Foos |
| 9. | Doug Stroh | 31. | Jeff Granger |
| 10. | Don Freeze | 32. | Mark Huber |

---

[4] The persons identified in Category 2 who are not listed in the Utah Action include: Aron Radosa, Don Freeze, Larry VanBuskirk, Matt Abraham, Mark Huber, Bill Newton, Ron Simmons, Chuck Cullen, Kirk Birtles, Jim Martin, David Brandy, Benjamin Dickie, Bruce Gilbank, Mike Martensen, Marc (Mark) Crawford, John Sims, Mike Foos, Jeff Granger, Joe McGuire, Joe Darkangelo, Mark Paul, and Russel Ence.

| | | | |
|---|---|---|---|
| **11.** | **Larry VanBuskirk** | **33.** | **Joe McGuire** |
| **12.** | **George Guzzardo** | **34.** | **Joe Darkangelo** |
| **13.** | **Lance Smith** | **35.** | **Mark Paul** |
| **14.** | **Matt Abraham** | **36.** | **Tyler Libby** |
| **15.** | **Mark Huber** | **37.** | **Gary Libby** |
| **16.** | **Bill Lewis** | **38.** | **Russel Ence** |
| **17.** | **Bill Newton** | | |

Contracts were not provided for Aron Radosa (AMR Consulting, LLC), Lance Smith, Bill Lewis (Thrill LLC), Jim Martin (LTIT LLC), Mike Foos (Titans LLC), Jeff Granger (J & M Consulting, LLC), Gary Libby, Tyler Libby (Moose Horn Crossing LLC), or Russel Ence.  Nor were contracts provided for companies these individuals/entities might control.

**Category 5.**
All documents, including notes, memoranda, diary entries, emails, letters, spreadsheets, and recordings, that refer or relate to meetings, communications or telephone calls between Dallin Larsen and any of the individuals listed in Category 2, including, but not limited to, meetings or phone calls occurring on or about the following dates:
**November 29, 2007**
**December 12, 2007**
**December 30, 2007 (telephone call)**
**January 2, 2008**
**February 14, 2008**

No documents have been produced which refer or relate to meetings on November 29, 2007, December 30, 2007, January 2, 2008, or February 14, 2008.

In addition, no documents were produced that refer or relate to telephone calls or communications between Dallin Larsen and the following individuals identified in Category 2: Billy Florence, Don Wilson, Aron Radosa, Chuck Goetschel, Doug Stroh, Don Freeze, Larry VanBuskirk, George Guzzardo, Lance Smith, Mark Huber, Bill Lewis, Bill Newton, Ron Simmons, Chuck Cullen, Kirk Birtles, Jim Martin, David Brandy, Ben Dickie, Bruce Gilbank, Mike Martensen, Mark Crawford, John Sims, Mike Foos, Jeff Granger, Joe McGuire, Joe Darkangelo, Mark Paul, Gary Libby, Tyler Libby, and Russel Ence.

Although MonaVie has represented that it searched for MonaVie registration contracts for the individuals identified in Category 2, it appears that MonaVie never searched for documents relating to these Category 2 individuals/entities that were responsive to this Category 5, particularly involving individuals who are not identified in Amway's Second Supplemental and Amended Complaint in the Utah Action.

> **Category 7.**
> **For each person or entity identified in Category 2 who is or was registered with Mona Vie, that person's (1) Binary Tree structure, (2) "Personal Enrollment Tree" and (3) Downline Line View.**

MonaVie has not produced Downline Line Views for any person identified in Category 2. Although MonaVie has provided Excel spreadsheets showing sponsorship and binary tree information, the spreadsheets omit start dates and distributer rank information, which Amway believes is contained in the Downline Line Views. Amway requests that MonaVie update the spreadsheets (produced at Bates Nos. MV113048(a)-(b)) to include MonaVie start dates and distributer ranks; in the alternative, MonaVie should produce Downline Line Views for each individual identified in Category 2.

### 2. Requests 4 and 6 in the Subpoena:

This Court ordered and MonaVie agreed that it would produce documents responsive to Categories 4 and 6 of the Subpoena. (*See* Dkt. 170, Order dated 11/13/08.) MonaVie, however, failed to do so as outlined below.

> **Category 4.**
> **All communications and documents that refer or relate to any contracts and/or agreements (draft or final) with or relating to Michael McCormick or Ken Porter or any entities they may control.**

MonaVie's counsel has stated that, to their knowledge, there are no agreements between MonaVie and Michael McCormick or Ken Porter, other than the standard MonaVie registration.

6

However, MonaVie has not even produced the standard MonaVie registrations for these individuals, which MonaVie has admitted exists. The documents that MonaVie did produce indicate that there are other agreements with Ken Porter which have not been produced, including an agreement between MonaVie and MonaVie's Distributer Advisory Board (*see, e.g.,* Ex. 6, MV0069714), a confidentiality agreement executed by all Distributer Advisory Board members (*see, e.g.,* Ex. 7, MV0072837), a website license agreement pursuant to MonaVie Rule 5.3 (*see, e.g.,* Ex. 8, MV0052291-MV0052295) (MonaVie's counsel believes this agreement is part of the distributer contract, but MonaVie has not provided Ken Porter's distributer contract), and an agreement by Ken Porter to pay a portion of the upfront money to TEAM (*see, e.g.,* Ex. 9, MV0105387.)

> **Category 6.**
> **All communications since August 2007 between Mona Vie (including its attorneys and agents) and the following attorneys:**
> **William Sankbeil**
> **Morley Witus**
> **Sharon Woods**
> **D.J. Poyfair**
> **Daniel Lacombe**
> **Charles Bundren**
> **Michael McCormick**

MonaVie has not provided any documents responsive to this Category 6 for Morley Witus, Sharon Woods, D.J. Poyfair, Daniel Lacombe, and Charles Bundren.

William Sankbiel appears on two produced emails and one additional email for which MonaVie failed to provide the attachment and that is outside the designated Nevada range (*see* Ex. 10, MV0075271, MV0098289-90, MV0116869.)[5] As such, it appears that MonaVie has not provided all responsive documents regarding Mr. Sankbeil.

---

[5] MonaVie designated MV19286-MV35116, MV48919-MV48924, MV48928, MV48933-MV48934, and MV67841-MV113048 for use in the Nevada case. MonaVie also produced documents having Bates Nos. MV-NE001 – MV-NE035.

7

MonaVie has also failed to produce communications since August 2007 between MonaVie and Mike McCormick. Since Mike McCormick is a MonaVie distributer, he undoubtedly would have had at least some communications with MonaVie.

MonaVie was not aware of any potential privilege assertions relative to any of the individuals listed in Category 6, except possibly with D. J. Poyfair and William Sankbeil. Regardless, MonaVie has not produced a privilege log for any documents it deems privileged.

### 3. Categories 8 through 14 in the Subpoena:

This Court ordered that MonaVie produce all non-privileged documents in response to Categories 8 through14 as amended in Exhibit A to this Court's Order compelling production. (*See* Dkt. 170, Order dated 11/13/08; Ex. 4.) MonaVie failed to produce these responsive documents as outlined below.

> **Category 10.**
> **Plans, proposals, or suggestions, by any of the individuals identified in Category 2 (or entities they control), to promote or encourage their TEAM "downline subscribers" or "downline distributers" to register with Mona Vie, including any documents received from or sent to the identified individuals/entities that indicate their placement or positioning of downline subscribers and downline distributors in a personal enrollment tree or binary tree structure(s).**

MonaVie has produced some documents responsive to this Category 10, mostly in the form of communications to and from Orrin and Laurie Woodward. MonaVie has not produced responsive documents to this Category 10 received from or sent to the following individuals identified in Category 2: Billy Florence, Don Wilson, Aron Radosa, Chuck Goetschel, Doug Stroh, Don Freeze, Larry VanBuskirk, George Guzzardo, Mark Huber, Bill Lewis, Bill Newton, Ron Simmons, Chuck Cullen, Jim Martin, David Brandy, Ben Dickie, Bruce Gilbank, Mike Martensen, John Sims, Mike Foos, Jeff Granger, Joe McGuire, Joe Darkangelo, Mark Paul, Gary Libby, Tyler Libby, and Russel Ence.

Although MonaVie has represented that it searched for MonaVie registration contracts for the individuals identified in Category 2, it appears that MonaVie never searched for documents related to the individuals/entities listed in Category 2 that were responsive to this Category 10, particularly involving the individuals that are not identified in Amway's Second Supplemental and Amended Complaint in the Utah Action.

**Category 11.**
**Procedures, policies, guidelines, and agreements followed or promoted by Mona Vie for registering persons affiliated with TEAM (whether an individual, entity, or an entity controlled by one of the foregoing) with Mona Vie, including any documents received from or sent to the persons identified in Category 2 that indicate their placement or positioning of downline subscribers and downline distributors in a personal enrollment tree or binary tree structure(s).**

Similar to Category 10, MonaVie has produced some documents responsive to this Category 11, mostly in the form of communications to and from Orrin and Laurie Woodward. MonaVie has not, however, produced responsive documents to this Category 11 received from or sent to the following individuals (or related entities) identified in Category 2:  Chris Brady, Billy Florence, Don Wilson, Aron Radosa, Chuck Goetschel, Doug Stroh, Don Freeze, Larry VanBuskirk, George Guzzardo, Mark Huber, Bill Lewis, Bill Newton, Ron Simmons, Chuck Cullen, Kirk Birtles, Jim Martin, David Brandy, Ben Dickie, Bruce Gilbank, Mike Martensen, Mark Crawford, John Sims, Mike Foos, Jeff Granger, Joe McGuire, Joe Darkangelo, Mark Paul, Gary Libby, Tyler Libby, and Russel Ence.

Again, although MonaVie has represented that it searched for MonaVie registration contracts for the individuals identified in Category 2, it appears that MonaVie never searched for documents relating to the these Category 2 individuals and entities that were responsive to this Category 11, particularly the individuals that are not identified in Amway's Second Supplemental and Amended Complaint in the Utah Action.

**Category 14.**
**Documents that discuss the dispute between Quixtar Inc. and any of the TEAM leaders identified in Category 2, including meetings documents, communications, agreements, contracts, proposals, or marketing studies.**

MonaVie has produced some documents responsive to this Category 14, including Orrin Woodward's blog postings that were forwarded to MonaVie. However, responsive documents have not been produced with respect to the following individuals identified in Category 2: Aron Radosa, Chuck Goetschel, Don Freeze, Larry VanBuskirk, George Guzzardo, Lance Smith, Matt Abraham, Mark Huber, Bill Lewis, Bill Newton, Chuck Cullen, Kirk Birtles, Jim Martin, David Brandy, Ben Dickie, Bruce Gilbank, Mike Martensen, John Sims, Mike Foos, Jeff Granger, Joe McGuire, Joe Darkangelo, Mark Paul, Gary Libby, Tyler Libby, and Russel Ence.

Again, although MonaVie has represented that it searched for MonaVie registration contracts for the individuals identified in Category 2, it appears that MonaVie never searched for documents related to these Category 2 individuals/entities that were responsive to this Category 14, particularly involving the individuals that are not identified in Amway's Second Supplemental and Amended Complaint in the Utah Action.

## II.   ARGUMENT AND RELIEF REQUESTED

MonaVie has withheld responsive information that it was required to produce pursuant to Amway's subpoena and this Court's November 13, 2008 Order. MonaVie, through its counsel, has repeatedly promised to produce relevant documents, but has failed to do so. This Court should order MonaVie to appear and show cause why it should not be held in contempt for its conduct. Amway further requests its reasonable fees incurred in bringing this motion, pursuant to Fed. R. Civ. P. 37(b)(2).

Dated: <u>March 2, 2009</u>.    /s/ Ryan L. Marshall
RYAN L. MARSHALL
BRINKS HOFER GILSON & LIONE
Ken Garff Building, Suite 800
405 S. Main St.
Salt Lake City, Utah  84111-3400
Telephone:  (801) 355-7900
Facsimile:  (801) 355-7901
Email:  rmarshall@usebrinks.com

JAMES K. CLELAND (*pro hac vice*)
BRINKS HOFER GILSON & LIONE
524 S. Main St., Suite 200
Ann Arbor, Michigan  48104-2921

CEDRIC C. CHAO (CA SBN 76045)
S. RAJ CHATTERJEE (*pro hac vice*)
JAMES M. SCHURZ (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482

Attorneys for Petitioner Amway Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2009, I caused to be served a true and correct copy of AMWAY CORP.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY MONAVIE, LLC SHOULD NOT BE HELD IN CONTEMPT in the manner and upon those addressed below:

| | |
|---|---|
| ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight courier<br>☒ E-Mail and/or CM/ECF | Mark F. James<br>Phillip J. Russell<br>HATCH, JAMES & DODGE, P.C.<br>10 West Broadway, Suite 400<br>Salt Lake City, Utah 84101 |
| ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivery<br>☐ Facsimile<br>☐ Overnight courier<br>☒ E-Mail and/or CM/ECF | Brent E. Johnson<br>J. Simón Cantarero<br>HOLLAND & HART LLP<br>60 East South Temple, Suite 2000<br>Salt Lake City, Utah 84111 |
| ☐ U.S. Mail, postage prepaid<br>☒ Hand Delivery<br>☐ Facsimile<br>☐ Overnight courier<br>☐ E-Mail and/or CM/ECF | Brian C. Johnson<br>William B. Ingram<br>Jacob Briem<br>STRONG & HANNI<br>3 Triad Center, Suite 500<br>Salt Lake City, Utah 84180 |

                          /s/ Ryan L. Marshall